## SLAVIK v. SUPREME LODGE OF ALL BOHEMIAN LADIES' AID SOCIETIES.

(Supreme Court, Appellate Term. May 15, 1908.)

INSURANCE—MUTUAL BENEFIT INSURANCE—BENEFICIARIES—EVIDENCE—ADMISSIBILITY—"SURVIVORS."

Plaintiff's wife signed an application for a benefit certificate on a blank printed form, wherein she designated several cousins as beneficiaries in various sums. A certificate was issued on the application, describing the beneficiaries and the respective shares to be paid them. A provision of the society's constitution stated its object to be to give to a sister money benefit in case of her husband's death, and in case of her death to pay "the survivors" such moneys as may be designated in the constitution, etc. It was elsewhere provided that, if any sister did not leave a last will, husband, or children, the law of inheritance of the state should govern, except that a husband who did not live with and properly care for a member could not ask for any death benefit, and in such case her children should be entitled thereto, or such persons to whom the sister wills it. It also provided that a sister who did not live with her husband must make a last will and turn it over to the lodge for safe-keeping. There was no provision limiting the beneficiaries to the husband or children. The member left no children, and plaintiff lived with her and properly cared for and supported her up to the time of her death. *Held*, that the word "survivors" was too vague to necessarily refer to surviving husband or children, and in view of the inexact language of the constitution, the word "survivors" should be interpreted as the parties to

the contract construed its meaning, and evidence was admissible that such designations as were made and the methods of procedure pursued were usually recognized by the society, and that printed blanks for that purpose were in use, especially where it was stipulated that the word "will," as used in the last section recited, might be properly translated as "designation."

[Ed. Note.—For other definitions, see Words and Phrases, vol. 8, pp. 6825, 6832.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Frank Slavik against the Supreme Lodge of All Bohemian Ladies' Aid Societies on a benefit certificate. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Ira B. Wheeler, for appellant.

Hymes, Woytisek & Schaap (Michael Schaap, of counsel), for respondent.

GREENBAUM, J. The defendant is a mutual aid society duly incorporated under the laws of this state. The plaintiff was the husband of one Barbara Slavik, deceased, who at the time of her death on June 11, 1907, was a member in good standing of Lodge Cechie No. 4, a subordinate lodge of defendant. It is conceded that the amount of the death benefit payable by the defendant was $600, and that before the commencement of this action plaintiff had received $100 thereof. He now seeks to recover the balance of $500.

On May 28, 1907, Barbara Slavik signed an application for a certificate on a blank printed form, ostensibly furnished by the defendant, duly filled out in writing at the appropriate places, wherein she designated the distribution of said $600, in case of her death, to several cousins in various sums aggregating $500, and the balance of $100 to her husband, the plaintiff. The application was witnessed in writing by the president and secretary of the lodge. It also appears that under date of May 28, 1907, a formal certificate, partly printed and partly written, characterized as a "Relief Fund Certificate," was issued to the sister, Barbara Slavik, duly signed by the Supreme President and the Supreme Secretary, and countersigned by the president and secretary of the subordinate lodge, with the seal of the defendant impressed on an imposing looking red wafer. Plaintiff claims that, notwithstanding his apparent exclusion from participation in $500 of the death benefit fund, the designation was void and ineffective, and that he alone is entitled to the entire amount; and the learned court below so held.

The several provisions in the constitution of the society affecting the rights of sisters with respect to the benefit fund in question are:

"Sec. 2. To give to a sister in case of death of her husband money benefit, and in case of the sister's death to pay to the survivors such moneys as may be designated in the constitution in not longer than 90 days."

"Sec. 27. If any sister does not leave a last will, husband, or children, the law of inheritance of the state shall govern, with the modification hereinafter mentioned.

"Sec. 28. If a sister dies who does not live with her husband, and he does not properly care for her, such husband cannot ask for any death benefit

from the lodge. In such case her children are entitled thereto, or such persons to whom the sister wills it. * * * A sister who does not live with her husband must make a last will and shall turn the same over to the lodge for safe-keeping."

Section 28 would appear to be an imperfect expression of intention to exclude a husband not living with or supporting his wife from any participation in the death fund. There is no provision forbidding the designation of beneficiaries other than husband or children. Indeed, there is no express language as to the persons entitled to the death benefit, other than that already quoted, to wit:

"In case of the sister's death" it shall be paid "to the survivors" as "designated in the constitution."

Who are meant by "survivors" is not defined, and it is not apparent that there is anything in the constitution that throws any further light upon the subject. In the case at bar the deceased left no children, and it is admitted that plaintiff lived with her up to the time of her death, and that he properly cared for and supported her. It is therefore argued that plaintiff was the only survivor of his deceased wife, and hence the only one under the organic law of the society entitled to be the beneficiary of the death benefit fund.

The word "survivors," as used in the context, is too vague necessarily to refer to surviving husband or children of a deceased member. Considering the inexact use of language generally employed in the constitution of the defendant, it would seem proper to interpret the word "survivors" as the parties to the contract construed its meaning. The membership of the deceased, Barbara Slavik, was based upon a contractual relationship between her and the defendants, and the practical construction of this contract by the parties thereto should control. Of this rule plaintiff has no right to complain; for he is neither a party to the contract, nor had he any vested right thereunder as a beneficiary. Collins v. Collins, 30 App. Div. 341, 51 N. Y. Supp. 922. As between the parties to the contract, it is in evidence that upon the application of the deceased member a certificate was formally issued upon her request, describing the beneficiaries and the respective shares to be paid to them upon her death.

It was competent for the defendant to prove that such designations as were here made by the deceased member were generally recognized by the defendant, and that the method of procedure here seemingly pursued was usually recognized by the defendant, and that printed blanks for that very purpose were in use. It was error to exclude the proffered proof of defendant applicable to this branch of the case, in the absence of proof that there was no express prohibition in the constitution and by-laws, or contract between the parties, against the designation of the beneficiaries and the issuance of the certificates established in this case. Collins v. Collins, 30 App. Div. 344, 51 N. Y. Supp. 922. Indeed, it is inferable from the proofs that the procedure pursued was in conformity with the practice of defendant.

The point made by the respondent that the constitution refers to the necessity of a member making a "will" in certain contingencies, and that therefore a designation is forbidden, is stripped of force by the stipulation that the word "will" in section 28 may be properly trans-

lated as "designation"—further evidence of the uncertain language of the constitution and an added reason why the construction of the parties as to the meaning of the contract should control. The plaintiff, upon the proofs, did not establish a cause of action, and the judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.